Although I agree with the majority that all minor children have a fundamental right to parental support, I do not agree that the father in this case has failed to support his children. This case does not present the usual scenario, where one parent is awarded primary custody of the minor child and the other parent is ordered to pay child support. Rather, in this case, each parent was awarded custody of one child, with the custodial parent being responsible for the support and maintenance of that child. Although the poor wording of the divorce judgment may have suggested that there was no child support awarded, I find that there was an obligation placed on each parent to support and maintain the minor child whose custody he or she was awarded.
In my opinion, this Court has now modified the divorce judgment to place an additional duty on the father. He not only has to provide the support for the child that he has primary custody of, but he must also be responsible for the support of the child that the wife has custody of — a child that, under my interpretation of the divorce judgment, she was required to support. I think this was not what the original divorce judgment required; therefore, I agree with the trial court and the Court of Civil Appeals that a URESA action would not lie against the father in this instance. A parent's preexisting duty of support under a divorce judgment may not be superseded by an order of support issued under URESA. State ex rel. VanBuren County Department of Social Services v. Dempsey,600 So.2d 1019 (Ala.Civ.App. 1992).
It would appear to me that the proper course would have been for the mother to file a child support modification action against the father to require that he begin supporting the child in the mother's custody. However, as stated above, I do not think a URESA action is proper under these facts. I think that under the divorce judgment, the father has met the duty of support imposed upon him by the Alabama court and I would hold that the State of Florida cannot recover against him for the amount it paid to the mother. *Page 543